IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| LYNN MARIE GIVENS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 3:21-cv-243 |
| MOUNTAIN RUN SOLUTIONS, LLC and MONITRONICS INTERNATIONAL, INC., d/b/a BRINKS HOME SECURITY | ) ) ) ) | |
| Defendant. | ) ) | |

## PLAINTIFF'S COMPLAINT

LYNN MARIE GIVENS ("Plaintiff"), through her attorney, Hormozdi Law Firm, LLC, alleges the following against Defendants, MOUNTAIN RUN SOUTIONS, LLC ("MRS") and MONITRONICS INTERNATIONAL, INC. d/b/a BRINKS HOME SECURITY ("Brinks") (collectively "Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act 15 U.S.C. 1692, *et seq.* ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the North Carolina Collection Agency Act, § 58-70, *et seq.* ("NCCAA").

3. Count III of Plaintiff's Complaint is based on the North Carolina Debt Collection Act, N. C. Gen. Stat. § 75-50, *et seq.* ("NCDCA").

4. Count IV of Plaintiff's Complaint is based on North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. §75-1.1, *et seq.* ("NCUDTPA").

1

## JURISDICTION AND VENUE

5. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

6. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy" and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claim alleged herein.

7. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

8. Plaintiff is a natural person residing in Charlotte, Mecklenburg County, North Carolina.

9. Plaintiff is a consumer as that term is defined by the FDCPA, NCCAA, and NCDCA.

10. Plaintiff allegedly owes a debt as that term is defined by FDCPA, NCCAA, and NCDCA.

11. MRS is a debt collector as that term is defined by FDCPA.

12. MRS is a collection agency as the term is defined by the NCCAA.

13. Brinks is a debt collector as the term is defined by the NCDCA.

14. Defendants attempted to collect a consumer debt from Plaintiff.

15. MRS is a collection agency located in Orem, Utah County, Utah.

16. Brinks is a Delaware corporation with its principal place of business in Dallas, Texas.

17. Defendants' business includes, but is not limited to, collecting on unpaid, outstanding account balances.

18. During the course of its attempts to collect debts allegedly owed to it or third parties,

Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

19. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

20. Defendant is attempting to collect an alleged debt from Plaintiff originating with a Brink's home monitoring and security account.

21. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

22. Plaintiff had a monthly monitoring service with Brinks.

23. In or around 2019, Plaintiff cancelled her services with Brinks.

24. Despite Plaintiff cancelling service with Brinks, on or about June 11, 2019, Brinks charged Plaintiff's Capital One credit card in the amount of $41.54 for a monthly payment that Brinks was no longer providing to Plaintiff.

25. Plaintiff immediately disputed the unauthorized charge with Capital One Bank.

26. On or about June 17, 2019, Capital One credited Plaintiff's account in the amount of $41.54.

27. Sometime between June 17, 2019 to November 2020, Brinks sold the alleged debt to MRS.

28. Plaintiff does not owe the alleged debt that Brinks sold to MRS.

29. In or around November 2020, MRS began calling Plaintiff on Plaintiff's cellular telephone number xxx-xxx-3333.

30. Within the past year of Plaintiff filing this complaint, MRS began texting Plaintiff on her

cellular telephone number.

31. MRS calls Plaintiff from 385-327-7757, which is one of MRS's telephone numbers.

32. On or about April 12, 2021, Plaintiff discovered that MRS reported the alleged debt to Plaintiff's credit file.

33. On or about April 12, 2021, Plaintiff called MRS, but the call was not answered.

34. On or about April 12, 2021, MRS's collector Carly left the following voicemail message on Plaintiff's cellular telephone: "Hi, this is Carly with Mountain Run Solutions and I'm returning a missed call we received from this number. Please feel free to give us a call back at 801-921-7379. Our office hours are Monday through Friday, 9:00 AM to 5:00 PM Mountain Standard Time. Thanks so much and have a good day."

35. MRS's collector Carly was working within the scope of her employment when she left Plaintiff the above-referenced voicemail message.

36. MRS's collectors are or should be familiar with the FDCPA.

37. MRS's collectors know or should know that the FDCPA requires a debt collector to disclose the caller's identity when communicating with a consumer.

38. MRS's collectors know or should know that the FDCPA requires a debt collector to disclose that the communication is from a debt collector and that any information obtained will be used for that purpose.

39. On or around April 13, 2021, Plaintiff called MRS and spoke with one of its female collectors.

40. During the above-mentioned conversation, MRS's female collectors told Plaintiff that the only way to get the tradeline removed from her credit report was to pay MRS.

41. During the above-mentioned conversation, Plaintiff disputed the validity of the debt.

4

42. To date, Plaintiff has not received a validation letter from MRS with respect to the alleged debt.

43. The natural consequences of Defendants actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

44. The natural consequences of Defendants actions was to unjustly condemn and vilify Plaintiff for her non-payment of the alleged debt.

45. The natural consequences of Defendants actions was to cause Plaintiff mental distress.

46. Defendants actions were a calculated attempt to coerce Plaintiff into payment of the alleged debt.

## COUNT I:
## MOUNTAIN RUN SOLUTIONS, LLC VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

47. Plaintiff repeats and re-alleges paragraphs 1-46 of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

48. MRS violated the FDCPA based on the following:

    a. MRS violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when MRS's collectors attempted to coerce Plaintiff into payment of the alleged debt by reporting a negative tradeline to Plaintiff's credit report;

    a. MRS violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when MRS engaged in, at least, the following discrete violations of § 1692e;

    b. MRS violated § 1692e(10) of the FDCPA by using any false representation or

5

deceptive means to collect or attempt to collect any debt, when MRS falsely represented to Plaintiff that the only way to remove the negative tradeline from her credit report was make a payment to MRS;

b. MRS violated § 1692e(11) of the FDCPA by failing to disclose that the communication is from a debt collector, with none of the exceptions of this subsection being applicable, when MRS's collectors communicated with Plaintiff and did not disclose the communication is from a debt collector attempting to collect a debt;

c. MRS violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when MRS engaged in all of the misconduct alleged herein; and

d. MRS violated § 1692g(a) of the FDCPA when within five days after the initial communication with Plaintiff in connection with the collection of the alleged debt, MRS failed to send Plaintiff a written notice containing information required by § 1692g(a)(1)-(5).

WHEREFORE, Plaintiff, LYNN MARIE GIVENS, respectfully requests judgment be entered against Defendant, MOUNTAIN RUN SOLUTIONS, LLC for the following:

49. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

50. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

51. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## MOUNTAIN RUN SOLUTIONS, LLC VIOLATED THE NORTH CAROLINA COLLECTIONA AGENCY ACT

52. Plaintiff repeats and re-alleges paragraphs 1-46 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

53. MRS violated the North Carolina Collection Agency Act based on the following:

    a. MRS violated § 58-70-95 of the North Carolina General Statutes when it attempted to collect the alleged debt to be due by an attempt to coerce payment of the alleged debt when MRS called Plaintiff at an annoying and harassing rate and reported the alleged debt to Plaintiff's credit report in an attempt to force Plaintiff to make a payment on the alleged debt;

    b. MRS violated § 58-70-100(3) of the North Carolina General Statutes when it caused a telephone to ring or engaged a person in a telephone conversation with such frequency as to be unreasonable or constitute harassment to the person under the circumstances when MRS called Plaintiff at an annoying and harassing rate;

    c. MRS violated § 58-70-110(2) of the North Carolina General Statutes by failing to disclose in the initial oral communication with Plaintiff to whom the debt is owed, that MRS is attempting to collect a debt, and that any information obtained would be used for that purpose, when MRS's collector failed to make proper disclosures during the conversation with Plaintiff; and

    d. MRS violated § 58-70-110 of the North Carolina General Statutes by attempting to collect a debt concerning a consumer by any fraudulent, deceptive, or misleading representation when MRS reported a debt that Plaintiff does not owe to credit report and when MRS informed Plaintiff that the only way to remove the negative

tradeline was to make a payment on the alleged debt.

54. MRS's actions constituted an unfair or deceptive acts or practices by engaging in the above-referenced misconduct in or affecting commerce because MRS is collecting on a consumer debt and proximately caused Plaintiff's injuries.

WHEREFORE, Plaintiff, LYNN MARIE GIVENS respectfully requests judgment be entered against Defendant, MOUNTAIN RUN SOLUTIONS, LLC, for the following:

55. Actual damages and civil penalties of not less than $500.00 nor greater than $4,000.00 per violation pursuant to North Carolina General Statute § 58-70-130;

56. Punitive damages pursuant to North Carolina General Statute § 58-70-130;

57. Costs and reasonable attorneys' fees; and

58. Any other relief that this Honorable Court deems appropriate.

## COUNT III:
## MONITRONICS INTERNATIONAL, INC. d/b/a BRINKS HOME SECURITY VIOLATED THE NORTH CAROLINA DEBT COLLECTION ACT

59. Plaintiff repeats and re-alleges paragraphs 1-46 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

60. Brinks violated the North Carolina Debt Collection Act based on the following:

    a. Brinks violated § 75-52 of the North Carolina General Statute when it used conduct the natural consequence of which is to oppress, harass, or abuse any person in connection with the attempt to collect the alleged debt when Brinks attempted to collect a debt from Plaintiff that she does not owe; and

    b. Brinks violated § 75-54 of the North Carolina General Statute by falsely representing the character, extend, or amount of a debt against Plaintiff when Brinks reported the alleged debt to Plaintiff's credit report and when Brinks

8

engaged MRS to collect the debt.

61. Brink's actions constituted an unfair act by engaging in the above-referenced misconduct in or affecting commerce because Brinks is collecting on a consumer debt and proximately caused Plaintiff's injuries.

WHEREFORE, Plaintiff, LYNN MARIE GIVENS respectfully requests judgment be entered against Defendant, MONITRONICS INTERNATIONAL, INC. d/b/a BRINKS HOME SECURITY, for the following:

62. Actual damages and civil penalties of not less than $500.00 nor greater than $4,000.00 per violation pursuant to North Carolina General Statute § 75-56(b);

63. Punitive damages pursuant to North Carolina General Statute § 75-56(c);

64. Costs and reasonable attorneys' fees; and

65. Any other relief that this Honorable Court deems appropriate.

### COUNT IV:
### MONITRONICS INTERNATIONAL, INC. d/b/a BRINKS HOME SECURITY VIOLATED THE

66. Plaintiff repeats and re-alleges paragraphs 1-46 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

67. Brinks violated the North Carolina Unfair and Deceptive Trade Practices act based on the following:

    a. North Carolina recognizes a statutory cause of action for "unfair and deceptive acts." N.C. Gen. Stat. § 75-1.1; *see Gray v. N.C. Ins. Underwriting Ass'n*, 529 S.E.2d 676, 681 (N.C. 2000).

    b. Brinks violated § 75-1.1of the North Carolina General Statute when it committed unethical, unscrupulous, and deceptive conduct when Brinks attempted to charge Plaintiff's credit card for services that were terminated by Plaintiff; and

    c. Brinks further violated § 75-1.1 of the North Carolina General Statute by intentionally misrepresenting the status of the alleged debt to consumer reporting agencies and third-party debt collectors when Brinks sold the alleged debt to MRS to collect despite the fact that Plaintiff does not owe the alleged debt.

68. Brink's actions constituted an unfair act by engaging in the above-referenced misconduct in or affecting commerce because Brinks is collecting on a consumer debt and proximately caused Plaintiff's injuries.

WHEREFORE, Plaintiff, LYNN MARIE GIVENS respectfully requests judgment be entered against Defendant, MONITRONICS INTERNATIONAL, INC. d/b/a BRINKS HOME SECURITY, for the following:

69. Actual damages and civil penalties of not less than $500.00 nor greater than $4,000.00 per violation pursuant to North Carolina General Statute § 75-56(b);

70. Treble damages pursuant to North Carolina General Statute § 75-16;

71. Costs and reasonable attorneys' fees pursuant to North Carolina General Statute § 75-16.1; and

72. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted,

May 21, 2021                    By: /s/ Shireen Hormozdi
                                Shireen Hormozdi
                                Hormozdi Law Firm, PLLC
                                North Carolina Bar No. 47432
                                1770 Indian Trail Road, Suite 175
                                Norcross, GA 30093
                                Tel:  678–395-7795
                                Cell:  678-960-9030
                                Fax: 866-929-2434
                                shireen@agrusslawfirm.com
                                shireen@norcrosslawfirm.com

11